UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA LEE SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>WARREN RUPF, Sheriff, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-11-5784 EMC (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Ira Lee Smith, formerly an inmate at the Alameda County Santa Rita Jail in Dublin, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

In his complaint, Smith alleges several claims. Smith alleges that police officers used force when they arrested him on October 22, 2008. He alleges that Alameda County deputy sheriff Terrill approached him at 1:15 p.m. on October 22, 2008, and asked him about drugs and weapons. Smith told Terrill that he had just found a knife but had no drugs. Deputy Terrill told him to turn around to be handcuffed, and Smith responded by grabbing hold of a fence. Deputy Terrill tried to grab hold of Smith's arm, and then called for assistance. Several police cars arrived bearing more deputies. Deputy sheriffs John Doe #1, John Doe #2, and Jane Doe #1 attempted to pull Smith away from the fence by pulling at him, twisting his wrist and arm, and ramming him with a knee while telling him to stop resisting, but Smith continued to hold on to the fence. Deputy Terrill was talking to other deputies who had arrived, and apparently did not take part in the effort to separate Smith from the

1  fence. Eventually Smith let go of the fence, and then was handcuffed, put in the back seat of deputy
2  Terrill's patrol car and taken to the Martinez Detention Facility. Smith alleges that Terrill told him
3  in the patrol car or at the jail that he thought Smith was on parole, and Smith responded that he had
4  been off parole since 2005. Deputy Terrill modified his police report.

5  At the Martinez Detention Facility, his remaining jewelry was taken from him when he was
6  booked. He was not advised of his *Miranda* rights when he was booked into the jail – but also does
7  not allege that he was interrogated by anyone. He was interviewed by a classification deputy who
8  told him he would be put in administrative segregation.

9  On October 25, he was called out of his housing unit because detective Jason Vorhauer and
10 sergeant Vannoy wanted to talk to him. After the interview was underway, the questioning stopped
11 when the detective realized his tape recorder was not on. The detective advised Smith of his
12 *Miranda* rights and started the interview again. Sergeant Vannoy told Smith he was "not to be
13 anywhere near that hill, meaning up in San Pablo, California, off of the San Pablo Damn (sic)
14 Road." Complaint, p. 7.

15 Smith was arraigned on October 27, 2008. Smith contends that he was not timely arraigned
16 before a magistrate, but does not identify who caused the delay. He provides no details as to when
17 he was arraigned. He also contends his property was not returned upon request.

## III. DISCUSSION

19 A federal court must engage in a preliminary screening of any case in which a prisoner seeks
20 redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.
21 § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims
22 which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
23 monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se*
24 pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
25 (9th Cir. 1990).

26 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right
27 secured by the Constitution or laws of the United States was violated and (2) that the violation was

committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint fails to state a claim upon which relief may be granted against any of the defendants. Smith described in detail the circumstances of his arrest. Those circumstances do not suggest the use of excessive force, as his allegations show that force was used on him only in response to his efforts to resist being handcuffed. A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of '"the nature and quality of the intrusion on the individual's Fourth Amendment interests"' against the countervailing governmental interests at stake." *See Graham*, 490 U.S. at 396 (citations omitted). Leave to amend will be granted so that Smith may attempt to allege facts that are suggestive of excessive force during the course of his arrest.

Smith did not allege that force was used by the one deputy (*i.e.*, Terrill) that he identified by name. Normally, an officer who does not use force on an arrestee does not have liability; however, an officer may have liability based on failure to intervene to prevent a constitutional violation if that officer had a reasonable opportunity to intervene to prevent the violation. *See Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). In his amended complaint, Smith may attempt to allege facts showing a basis for liability for defendant Terrill.

Smith also needs to address the Doe defendant problem in his excessive force claim. The deputies who allegedly used force on him were sued as John and Jane Doe defendants. The use of "Jane Doe" or "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), but sometimes is necessary when a plaintiff cannot discover the identity of the defendant before filing the complaint. Although the use of a Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a Doe defendant designation creates its own problem: that person cannot be served with process until he or she is identified by his or her real name. Smith must take steps promptly to

1 discover the full name (*i.e.*, first and last name) of John Doe #1, John Doe #2 and Jane Doe #1 and
2 provide that information to the Court in his amended complaint. The burden remains on the Plaintiff
3 to identify the Doe defendants in order to prosecute claims against them; the Court will not
4 undertake to investigate the names and identities of unnamed Defendants.

5 Smith alleged that he was booked into the jail without having been advised of his *Miranda*
6 rights. The failure to provide *Miranda* rights upon arrest is inconsequential if the arrestee is not
7 subjected to a custodial interrogation.

8 Smith also alleged that a few days later he was interviewed by a detective and a sergeant,
9 who provided a *Miranda* advisement only after the interview began. It is not clear from Smith as to
10 how much questioning was done before the *Miranda* advisement was given. The facts alleged by
11 Smith do not state a § 1983 claim. Even compulsive questioning in violation of *Miranda v. Arizona*,
12 384 U.S. 436 (1966), does not violate the Fifth Amendment and give rise to a 42 U.S.C. § 1983
13 claim for damages unless those statements are used in a criminal case against the defendant. *Chavez*
14 *v. Martinez*, 538 U. S. 760, 766-73 (2003). The claim is dismissed with leave to amend so that
15 Smith may attempt to allege facts showing more than that he did not receive *Miranda* warnings until
16 after the interview started.

17 Smith also alleged that his arraignment was delayed. He has not linked any defendant to this
18 claim, and must do so in his amended complaint. He must be careful to allege facts showing the
19 basis for liability for each defendant. He should not refer to them as a group (*e.g.*, "the defendants");
20 rather, he should identify each involved Defendant by name (or by a Doe defendant designation) and
21 link each of them to his claim by explaining what each involved Defendant did or failed to do that
22 caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

23 Smith named Sheriff Rupf as a Defendant and alleged that he "is responsible for his deputies'
24 misconduct." Docket # 1, p. 7. The allegation fails to state a cognizable § 1983 claim against this
25 defendant. There is no respondeat superior liability under § 1983, *i.e.* no liability under the theory
26 that one is liable simply because he employs a person who has violated plaintiff's rights. *See Taylor*
27 *v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658,
28 691 (1978) (no respondeat superior liability for municipalities). A supervisor may be liable under

section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d 1040, 1045 (9th Cir. 1989). In his amended complaint, Smith must allege facts showing a basis for liability for Sheriff Rupf.

## IV.    CONCLUSION

The complaint fails to state a claim upon which relief may be granted against any Defendant. Leave to amend will be granted so that Smith may attempt to state a claim. The amended complaint must be filed no later than **May 18, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Smith is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: April 4, 2012

_____
EDWARD M. CHEN
United States District Judge

5